19-1058-cv
*Pistello v. The Bd. of Educ. of the Canastota Cent. Sch. Dist.*,

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty.

PRESENT:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             ROBERT D. SACK,
                     *Circuit Judges.*

―――――――――――――――――――――――――――――

MICHELE PISTELLO,

              *Plaintiff-Appellant*,

              v.                              19-1058-cv

THE BOARD OF EDUCATION OF THE
CANASTOTA CENTRAL SCHOOL DISTRICT,

              *Defendant-Appellee.*

―――――――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**          Stephen Ciotoli, Gattuso & Ciotoli, PLLC, Fayetteville, NY.

**FOR DEFENDANTS-APPELLEES:**          Charles C. Spagnoli, The Law Firm of Frank W. Miller., East Syracuse, NY.

Appeal from a March 21, 2019 judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 21, 2019 judgment of the District Court be and hereby is **AFFIRMED IN PART, VACATED** insofar as it dismisses the retaliation claims under Title VII of the Civil Rights Act, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act, and the cause **REMANDED** to the District Court for further proceedings consistent with this order, including trial as appropriate.

Plaintiff-Appellant Michele Pistello ("Pistello") appeals from a March 21, 2019 judgment entered in favor of her former employer, Defendant-Appellee Board of Education of the Canastota Central School District ("School District"). The District Court granted summary judgment in favor of the School District on Pistello's claims of: (1) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title II of the Americans with Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"); and (2) retaliatory hostile work environment under the ADA and the Rehabilitation Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's "grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences" in Pistello's favor and will affirm the judgment "only if there is no genuine dispute as to any material fact and . . . [Pistello] is entitled to judgment as a matter of law." *Pippins v. KPMG, LLP*, 759 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). "The district court's judgment may be affirmed on any ground fairly supported by the record." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (internal quotation marks omitted).

## I.     Retaliation Claims Under Title VII, the ADA, and the Rehabilitation Act

Pistello argues that the School District retaliated against her for engaging in protected activity under Title VII, the ADA, and the Rehabilitation Act. To make out a prima facie case of retaliation under these statutes, a plaintiff "must show that: (1) [s]he engaged in an activity protected by the[se statutes]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against h[er]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (explaining that retaliation claims under the ADA and Section 504 of the Rehabilitation Act "are analyzed under the same burden-shifting framework established for Title VII cases" (citation omitted)). If a plaintiff meets this initial burden, the burden shifts to the employer "to articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Id.* at 721. If the "defendant meets this burden, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* (internal quotation marks omitted).

It is well established that, as the District Court noted, *Pistello v. Bd. of Educ. of Canastota Cent. Sch. Dist.*, No. 5:16-cv-0212 (LEK/ATB), 2019 WL 1300947, at *14 (N.D.N.Y. Mar. 21, 2019), an adverse action could qualify as retaliatory only if it "follow[s] in time", not precedes, the protected activity. *Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 217 (2d Cir. 2001) (internal quotation marks omitted). With regard to Pistello's Title VII-retaliation claim, only the alleged adverse actions that occurred after the filing of Pistello's harassment report on February 27, 2015, could qualify as retaliatory— namely: (1) the Second Professional Conduct Meeting; (2) the Fourth Professional Conduct Memorandum; (3) the investigation involving Pistello's son, J.P.; (4) Pistello's Annual Professional Performance Review ("APPR"); and (5) Pistello's teaching reassignment at the end of the year. *See Pistello*, 2019 WL 1300947, at *14. With regard to the retaliation claim under the ADA and the Rehabilitation Act, only the alleged adverse actions that followed her November 6, 2014 e-mail, which accused the School District of failing to comply with the individualized education plans of certain students with disabilities, could qualify as retaliatory—namely: (1) the five actions that support Pistello's Title VII claim; (2) her removal from the Regents Exam scoring process; (3) the December 2014 e-mail from Director of Special Education Carolyn Rose; (4) the First, Second, and Third Professional Conduct Memoranda; (5) the First Professional that Conduct Meeting; and (6) the Counseling Memorandum. *See id.* at *19.

Upon *de novo* review, we conclude, when viewing the record in the light most favorable to Pistello and resolving all factual ambiguities in her favor, a reasonable juror could find that the School District retaliated against Pistello for engaging in protected conduct. In a period of approximately six months, Pistello received multiple disciplinary reprimands. For example, Pistello received an e-mail from Carolyn Rose threatening Pistello with formal disciplinary action for failing to bring to her attention a problem relating to non-compliance with special education law, even though Pistello had raised the issue with others in the school's management and Rose arguably was aware of the issue as a result of an earlier communication by Bob Mengucci, one of Pistello's colleagues. Pistello also received a Counseling Memorandum and four professional conduct memoranda over the course of approximately six weeks—three of them in a one-month period. In connection with these conduct memoranda, Pistello was called to participate in four professional conduct meetings and three of the meeting notices were later expunged after Pistello retained counsel.

In addition to these multiple reprimands, Rose conducted the in-class observation portion of Pistello's APPR and prepared a preliminary report that arguably contained several inaccuracies, as well as an overall score that was lower than the highest possible rating. Only after Pistello rebutted Rose's observations and Pistello's counsel talked to Rose about the asserted inaccuracies, were some of the observations removed and the overall score changed to the highest rating. Ultimately, the School District (through Rose) reassigned Pistello from the high school to teach math and reading to special education students in middle school. And only after negotiating with Pistello's counsel, the School District eliminated Pistello's math instruction responsibilities. Pistello argues that, as a result

3

of these actions culminating in her reassignment, she was forced to leave the School District and accept an offer from the City of Syracuse.

While the District Court's opinion was commendably detailed in examining the record and describing the gravamen of the parties' arguments, it erred in resolving the ambiguities in the record in the School District's favor rather than in Pistello's. For example, the District Court explained that some of the reprimands against Pistello "*could be described* as criticism that was necessary to allow [Pistello] to develop, improve, and avoid discipline." *Pistello*, 2019 WL 1300947, at *14 (quotationmarks, and alterations omitted) (emphasis added). In other instances, the District Court improperly assessed the weight of the evidence by stating that Pistello's testimony "seems dubious when considered alongside" contrary evidence in the record, *id.* at *15, and that the District Court was "not entirely convinced" by certain portions of Pistello's sworn testimony during her deposition, *id.* at *16. With regard to Pistello's pretext argument relating to her end-of-year reassignment, the District Court appeared to disregard the arguable significance of the fact that, despite having taught the same course in high school for five consecutive years, Pistello was the only teacher that was reassigned to a different academic level and subject area—namely, from teaching English in high school to teaching math and reading in middle school. The District Court also appeared to discredit Pistello's testimony relating to her teaching certifications and that her reassignment could be perceived as "negative." Joint App'x at 571.

In light of, among other things, the considerable number of reprimands against Pistello occurring in a relatively short period of time after her protected conduct and that the School District consistently changed its mind about its actions towards Pistello after she retained counsel—*e.g.*, including, but not limited to, the expungement of three of the notices of professional conduct meetings, the modifications to the APPR, and the terms of her reassignment to middle school—a reasonable juror *could* construe these actions as materially adverse, as well as unfounded and retaliatory in nature.[1] *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69 (2006) (explaining that whether or not a particular adverse action would dissuade a reasonable worker in a particular job from engaging in protected activity requires consideration of the totality of the

---

[1] We agree with the District Court, however, that Pistello cannot rely on either J.P.'s bullying investigation or her removal from the Regents Exam scoring process to support her retaliation claims. Even assuming, for the sake of argument only, that these actions are materially adverse, the undisputed evidence shows that the School District articulated legitimate, non-retaliatory reasons for its actions, which Pistello in turn failed to rebut as pretextual. Indeed, in both instances—the investigation of bullying allegations by a student against J.P., and Pistello's removal from the scoring process as part of a decision to only have certified teachers engaged in the scoring process—the School District acted pursuant to policies or plans of generalized application and did not single out Pistello in any way. *See Pistello*, 2019 WL 1300947, at *16–17, 22–23 (analyzing the second and third steps of the *McDonnell Douglas* burden-shifting framework with respect to the J.P. investigation and the Regents Exam Scoring Decision).

circumstances); *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) ("[I]n determining whether conduct amounts to an adverse employment action, the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently 'substantial in gross'" as to be actionable." (citing *Zelnik v. Fashion Inst. of Tech.,* 464 F.3d 217, 227 (2d Cir. 2006)).

In sum, we conclude that, the material adversity and motivation of these employment actions are issues that cannot be resolved by summary disposition; rather, they are for the jury to resolve. We therefore vacate the District Court's judgment insofar as it dismisses the retaliation claims under Title VII, the ADA, and the Rehabilitation Act.

## II.      Claims of Retaliatory Hostile Work Environment and Constructive Discharge

Pistello also argues, albeit in passing, that she has valid claims for retaliatory hostile work environment and for constructive discharge under the ADA and the Rehabilitation Act that cannot be dismissed on summary judgment. *See* Appellant's Br. at 30–31. To be sure, Pistello's *only* argument is that because there are disputed issues of material fact precluding the summary disposition of Pistello's various retaliation claims, the District Court's dismissal of the remaining claims also should be overturned.

As a threshold matter, Pistello's argument, standing alone, and made in a perfunctory manner, is not an adequate basis to challenge the grant of summary judgment in favor of the School District on the claims of hostile work environment and constructive discharge. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (applying waiver doctrine where challenge is mentioned only "obliquely and in passing"). But even if we were to assume, for the sake of argument only, that Pistello's passing reference did not result in a waiver of her remaining claims, we conclude that Pistello failed to satisfy her burden of proof with respect to these claims.

To make out a claim of hostile work environment under the ADA, a plaintiff must show: "(1) that the harassment was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 74 (2d Cir. 2019) (internal quotation marks omitted) (holding, as a matter of first impression, that hostile work environment claims under the ADA are evaluated under the same standard as similar claims under Title VII). Under this standard, we look "to the totality of the circumstances to determine whether a plaintiff has met this burden, including proof of the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with the plaintiff's work performance." *Id.* (internal quotation marks and alterations omitted).

The totality of the circumstances here, construed in the light most favorable to Pistello, do not reveal a situation in the workplace that is "severe or pervasive enough to create an objectively

hostile or abusive work environment." *Id.* (internal quotation marks omitted). In other words, the work environment was not "so severely permeated with discriminatory intimidation, ridicule, and insult" as to support a claim for hostile work environment. *Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir. 2002).

The same analysis applies to Pistello's putative constructive-discharge claim. A case of "constructive discharge . . . can be regarded as an aggravated case of . . . hostile work environment." *Penn. State Police v. Suders,* 542 U.S. 129, 146 (2004). Because Pistello failed to show that the School District's actions were severe or pervasive enough to support a claim of retaliatory hostile work environment, she also has failed to show that her "working conditions [were] so intolerable that a reasonable person would have felt compelled to resign." *Id.* at 147; *accord Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the March 21, 2019 judgment of the District Court, except to the extent that we **VACATE** the portions of the judgment dismissing Pistello's retaliation claims under Title VII, the ADA, and the Rehabilitation Act, and **REMAND** the cause to the District Court for further proceedings consistent with this order, including trial if and as appropriate.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6